Carbwjeií sold to Johnson one Hundred and six acres of land, and gave his obligation to convey, « so soon as the purchase money was paid.” This bond •was afterwards assigned by Johnson to Pemberton, and by Pemberton to Simms. Previous, however, to either assignment, and whilst Johnson held the bond on Cardwell for a conveyance, he sold ten acres, part of the land, to Richardson, and executed to Richardson a bond for a conveyance thereof $ and this suit was brought by Richardson, in chancery, against Simms, Cardwell, Pemberton and Johnson, to obtain a conveyance to the ten acres purchased from Johnson.
The bill sets out the purchase from Cardwell by-Johnson, alleges the payment of the purchase money by Johnson, and the sale of the ten acres by Johnson to Richardson; charges the payment of the purchase money for the ten acres by Richardson, and the execution of a bond by Johnson, for a conveyance of the ten acres, whilst,he held the bond for a title on Card, well, and before the assignment of that bond to Pern-berton. The bill further charges, that Johnson, when *275 he assigned the bond for a conveyance on Cardwell to Pemberton, made a memorandum thereon, reserving the ten acres which he had sold to Richardson ; and that when Simms purchased and obtained the assignment of the bond from Pemberton, he knew of the purchase which Richardson had made from Johnson. -The bill, moreover, alleges that Simms, with full knowledge of Richardson’s equity, has obtained a conveyance from Cardwell for the entire one hundred and six acres of land purchased from Cardwell by Johnson, and refuses to convey the ten acres purchased from Johnson by Richardson ; and after making all the persons concerned in the various contract's and transfers, parties, the bill prays a conveyance to be made Richardson for the fen acres, &c.
Simms answers, admitting the sale by Cardwell to Johnson, an.d the assignment by Johnson to Pemberton, and by Pemberton to him; but he denies knowing of any reservation having been made hy Johnson, as to the ten acres, when Johnson sold and assigned Cardwell’s bond to Pemberton. He charges, that he purchased from Pemberton the entire tract of one hundred and five acres of land, without knowing of any cla,im to the ten acres by Richardson, and that he has paid, a full and valuable consideration for the whole tract. He admits that he has obtained a conveyance, for the whole tract from Simms, and that, before he obtained the title, he was informed of Richardson’s claim 5 but he alleges he was not so informed until after he ha.d made the purchase from Pemberton, and received possession of the land ; and insists that equity ought not to coerce from him the title to the ten acres,. &c. ' ' "
Cardwell admits the sale to Johnson, but alleges that the title was not to be made by him until the purchase money was paid; denies that Johnson ever paid the purchase money, and charges that, discovering the bond which he had given to Johnson, was regularly assigned to Simms, he agreed to make the title to Simms, upon Simms’ paying the purchase money j ánd that Simms having made the payment, he has conveyed the whole tract of one hundred and five acres Ip him.
A man who receives a deed of conveyance for land and pays for it after he knows that the vendor had previousl contracted for the sale of it to a third person and was in equity bound on convey it to him, will be decreed to convet to such third person although he knew nothing of this outstanding equity at the time he contracted for the purchase of the land.
Neither Johnson nor Pemberton answered ; but the subpeena in chancery was regularly served on them, and the bill, as to them, taken for confessed.
The court' below pronounced a decree, ordering Simms to convey to Richardson the ten acres purchased from Johnson by Richardson, and gave to Richardson bis costs against Simms and Cardwell.
2. We entertain no doubt of the propriety of the decree pronounced by the court below. That Richardson purchased and paid Johnson for the ten acres, whilst Johnson held (he equity iri the entire tract purchased by him from Cardwell, is incontrovertibly proved; and although Simms may have been ignorant of Richardson’s claim, when he contracted with Pemberton for the bond on Cardwell, it is abundantly evident, both from his own admissions in his answer, and the proof in the cause, that he was fully apprized of Richardson’s equity, before he either obtained the title from Cardwell or paid the purchase money to Pemberton. Simms cannot, therefore, assume the attitude of an innocent purchaser without notice of Richardson’s equity ; and having received the title with notice of the claim of Richar dson, he must be considered as bolding the title to the ten acres in trust for Richardson, qnd as such was correctly ordered by the decree of the court below to surrender it. If Simms had advanced to Cardwell any portion of the purchase money tor the ten acres, which Johnson was in arrear to Cardwell, he ought, most unquestionably, to be compensated, before he is compelled to convey to Richardson ; but he has not even alleged the payment of any part of the purchase money which was to have been paid by Johnson, and there is no proof in the cause. conducing to show that he has made any such payment; and without allegation or proof on his part of such payment. the court cannot infer any payment h-is beep made by him. It is true, Cardwell, in his answer, alleges Simms paid him the purchase money wnicliremained unpaid by Johnson; but the amount paid him by Simms is not stated, and the fact of payment rests altogether on the allegation of Cardwell, without proof to support it. Such an allegation by a co.defendant, unaided by proof, cannot form the basis oí a decree in favor of Simms for "remuneration.
With respect to the costs decreed against Simms and *277 Cardwell, no solid objection is perceived. Both CprdweR and Simms knew of Richardson’s equity be. fóre the title was made to Simms, and both ought to be subjected, to the costs which Richardson has incurred in the prosecution of Ills claim in a court of equity.
The decree must be affirmed with costs.