## PRESCOTT *v.* HAWKINS & a.

A mistake in a deed of land by which a boundary line was described as running N. 20° E. instead of N. 20° W., as was intended by both parties, may be corrected in a suit against persons holding under the title of the grantor; they and all those under whom they claim having taken the title with notice of the mistake.

A person receiving notice after having contracted for the purchase of land, but before the delivery of the deed, is not protected as a purchaser without notice.

Persons taking by descent are not protected as purchasers for a valuable consideration.

Whether a purchaser at a sale by an administrator under a license from the judge of probate, is within the rule protecting purchasers for a valuable consideration without notice, *quere?*

IN EQUITY. Bill by Sally D. Prescott, a minor and the only child and heir of one Nathaniel C. Prescott, to reform a mistake in a deed. Many of the facts are stated in *Prescott* v. *Hawkins*, 12 N. H. 19.

It appeared by the bill, answers, and evidence, that the deed in question was made by Arthur Livermore October 28, 1821, whereby he conveyed to said N. C. Prescott a parcel of land in Holderness; and that the alleged mistake was in describing one of the boundary lines as running N. 20° E. instead of 20° W. That said Prescott died in the early part of 1826, and that the plaintiff was his sole heir; that on the 13th of January 1826 said Livermore conveyed to one Samuel Hackett a lot of land adjoining Prescott's lot, by a deed bounding him on Prescott; that subsequently the title of Samuel Hackett became vested in one Ezra Hackett, partly by descent from said Samuel, and partly by purchase at a sale by the administrator of Samuel Hackett under license from the judge of probate; that in 1836 one Pingree Cummings bargained with said Ezra Hackett for his land, and took

from him a bond conditioned for its conveyance to himself and said Hawkins, and that it was afterward conveyed accordingly January 16, 1837.

The evidence to show notice of the mistake to Samuel Hackett and those claiming under him, is sufficiently stated in the opinion of the court.

*Livermore*, for the plaintiff. The mistake charged is by agreement admitted. This court will correct it, unless the defendants have purchased under circumstances which protect them. N. H. Prov. Stat., ch. 171, sec. 6 ; Stat. Nov. 1832 ; *De Riemer* v. *Cantillon*, 4 J. C. R. 85 ; *Gouverneur* v. *Titus*, 6 Paige 348 ; *Pearce* v. *Verbeck* and authorities cited, 2 Beavan 333 ; *Barstow* v. *Kilvington*, 5 Ves. 595 ; *Jenkins* v. *Quinchant*, in notes, ibid. ; *Beaumont* v. *Bramley*, Turner & Russell 46 ; and *Sanderson* v. *Brown*, in note, ibid.

Have these defendants purchased under such circumstances ? Their answer is, that they are innocent purchasers for a valuable consideration without notice. Answer 1. There is no evidence of any consideration whatever. 2. The answer of Hawkins, if true, is insufficient ; because he does not deny notice up to the time of taking a conveyance from Ezra Hackett. *Tourville* v. *Naish*, 3 P. Wm.'s 306 ; *Story* v. *Windsor*, 2 Atk. 630 ; 2 Powell on Mort. 537 and note and 553. 3. The notice which they deny is clearly proved.

There is no surer badge of *mala fides* than purchasing against one in possession. *Sanderson* v. *Brown ubi supra* Fonb. Eq. 447. Indeed it is a settled law of pleading in equity, that a defendant to protect himself under a purchase, must aver that he purchased of one in possession or pretending to be. 3 P. Wm.'s 281 ; Mitf. Pl. 333 [275]. The answers would have been subject to seasonable exceptions for this cause, and now as it is admitted that the vendor neither was or claimed to be in profession, so

stated in the bill in substance, this requisite of a defence is wanting, and the defect may be availed of by us.

A purchaser with notice of a mistake is bound as one with notice of a trust. *Sanderson* v. *Brown* and *Gouverneur* v. *Titus*, before cited. As to the mode of correcting mistake, see 4 J. C. R. 85; 6 Paige 348. As to what notice is sufficient to charge a purchaser, see a strong case 1 J. C. R. 267.

*Lyford*, for the defendants. 1. The court will not correct a mistake in a deed or agreement except upon the strongest proof possible, or unless it be admitted by the defendant's answer. Gresley's Eq. Ev. 205, and cases there cited; *Gray* v. *Woods*, 4 Blackf. 432; *Whitney* v. *Whitney*, 5 Dana 330; *Harrington* v. *Harrington*, 2 How. 701; *Griswold* v. *Smith*, 10 Vt. 452. Nor will relief be granted, if the purchaser with ordinary diligence before the completion of the contract might have guarded against the mistake. *Marvin* v. *Bennett*, 26 Wend. 169. There must be the clearest evidence of the mistake and the agreement of the parties, before the court will interfere. 4 Blackf. 432; 5 Dana 330.

2. There is not sufficient evidence to charge the defendants with notice of any mistake in the deed from Livermore to N. C. Prescott. Vague reports, rumors from strangers, and suspicions, though strong ones, are not sufficient. *Flag* v. *Mann*, 2 Sum. 491; *Popham* v. *Baldwin*, 2 Jones' Exch. 320; *Stowe* v. *Meserve & a.*, 13 N. H. 46. Notice to affect a purchaser is either actual or constructive. Constructive notice is of two kinds, that which arises from testimony, and that which results from a record. *Griffeth* v. *Griffeth*, 1 Hoff. 153. The notice if any to the defendants in this case was neither actual nor constructive. .

*Perley*, for the plaintiff, in reply.

PARKER, C. J. The bill alleges, that prior to October 28, 1841, Nathaniel C. Prescott, the father of the plaintiff, purchased of Arthur Livermore a certain tract of land particularly described, partly by courses and distances; that a deed was drawn and executed, bearing that date and intended as a conveyance of that tract, but that by mistake and accident one of the courses which run N. 20° W., was inserted in the deed as N. 20° E., &c.

The mistake is sufficiently proved. Judge Livermore in his answer admits it. His evidence has been introduced without objection, and there is other evidence in corroboration from the surveys and otherwise.

If Judge Livermore had continued to be the owner of the land lying on the north, the plaintiff would have been entitled to have the mistake corrected, which would doubtless have been accomplished without the intervention of this court. But subsequently to the execution of this deed, 13th January 1836, he sold the land lying northerly of the tract thus purchased by Prescott to Samuel Hackett, and by the deed to him bounded the land conveyed thereby, southerly on the land of Prescott. Hackett died. Ezra Hackett, one of his heirs, purchased the shares of the others in the land owned by Samuel Hackett northerly of his tract, and conveyed the same to the defendants by a similar description to that contained in the deed to Samuel Hackett. As the deeds and the record stand therefore, the defendants appear to have a title to the strip of land excluded from the conveyance by Judge Livermore to Prescott, by means of the mistake before mentioned. But if Samuel Hackett and those who have derived title under him, are chargeable with notice, actual or constructive, of the existence of this mistake, then the plaintiff is entitled to the same relief against those so chargeable that she would have had against the grantor himself.

The defendants do not admit such notice when they

purchased of Ezra Hackett. The answer of Cummings not only denies notice at the time when he made the contract for the purchase and took the obligation of Ezra Hackett to convey, but it also denies that he had any notice before the execution of the deed. The answer of Hawkins only denies that he had notice at any time before the contract, and admits that after the date of Hackett's bond to convey, he heard that the plaintiff claimed to have some right by reason of some error or mistake in the deed from Livermore to N. C. Prescott.

Were it necessary to examine the effect of this admission, we should probably find that it was effectual to entitle the plaintiff to maintain this bill. The contract was made by Cummings for both. The bond from Hackett was to both. Notice to one therefore would be notice to both. *Blenkarne* v. *Jennens,* 2 Bro. P. C. 278. And there are competent authorities to show that notice after a contract for purchase, but before the completion of it by the payment of the consideration, is sufficient. *Blair* v. *Owles,* 1 Munf. 38; *Hoover* v. *Donally,* 3 Hen. & Munf. 316; *Jewett* v. *Palmer,* 7 Johns. C. R. 65; *Simms* v. *Richardson,* 2 Litt. 274.

It is not necessary however to determine this case upon the effect of the answers. The evidence is quite sufficient to show that both the defendants had notice prior to the time of the contract. The answers are overcome by the testimony of three witnesses, one of whom shows notice to both, and each of the others notice to each of the defendants. There is in the evidence also the admission of Hawkins, that in the year 1834 he purchased of the plaintiff's guardian " a lot of down timber," more than half of which was on the land now in dispute. The further evidence that Cummings stated that Ezra Hackett would not give a warrantee deed and would only execute a quitclaim, for the reason that he had understood that there was a mistake in the deed from Livermore to Prescott, seems to be quite unnecessary, however conclusive it may be.

But notwithstanding the defendants had notice, if any of those under whom they derive title were purchasers *bonâ fide*, for a valuable consideration, without notice, so that they might have held the land notwithstanding the mistake, the defendants will have the right to stand upon the strength of their title. *Bumpus* v. *Platner*, 1 Johns. C. R. 213; *Varrick* v. *Briggs*, 6 Paige 323; 1 Story's Eq. Jur., secs. 400, 410, 411.

Here again the evidence is against the defendants. Samuel Hackett who purchased of Judge Livermore bounding on Prescott, had knowledge of the extent of Prescott's purchase, and claimed no further than the disputed line, and said the mistake ought to be rectified. It does not appear very clearly how Ezra Hackett, the grantor of the defendants, acquired his title. If he held part by descent, thus far he stood in no better situation than his ancestor. 1 Story's Eq. Jur., sec. 165. If he derived his title to the residue through a sale by the administrator, under a license for that purpose, as seems to be indicated by some of the evidence, it is questionable whether he is entitled to claim under that sale any greater right than the intestate had, subject to all the equities to which it would have been liable in his hands. We are not aware of any authorities which hold that a purchaser at such a sale is within the rule protecting a purchaser of a particular tract of land for a valuable consideration without notice, or as having greater rights than the intestate. The administrator sells the estate of the intestate. If a stranger might hold as such purchaser, a question might still be made whether Ezra Hackett, who held one share as heir subject to all equities, was entitled to hold the remainder as a purchaser discharged from all equities. These questions are rendered immaterial to the decision of this case by evidence showing that Ezra Hackett also had actual notice of the existence of the mistake, and could stand on no better ground than his father, even if

he were a purchaser for a valuable consideration. He clearly had notice when he sold to the defendants, and before that time. There is no evidence tending to show that he had not knowledge at the time of his purchase. His testimony is not procured by the defendants to show a want of notice at that time, and the defendants have not attempted to place their case upon the strength of his title from a want of notice in him.

*Decree that the deed be reformed and that the defendants release.*